# Illinois Official Reports

## Appellate Court

---

### *People v. One 2005 Acura RSX*, 2017 IL App (4th) 160595

---

| | |
|---|---|
| Appellate Court Caption | THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellant, v. ONE 2005 ACURA RSX, Defendant (Keith D. Osborn, Claimant-Appellee). |
| District & No. | Fourth District<br>Docket No. 4-16-0595 |
| Filed | May 19, 2017 |
| Decision Under Review | Appeal from the Circuit Court of McLean County, No. 15-MR-546; the Hon. Rebecca Simmons Foley, Judge, presiding. |
| Judgment | Affirmed. |
| Counsel on Appeal | Jason Chambers, State's Attorney, of Bloomington (Patrick Delfino, David J. Robinson, and Luke McNeill, of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.<br><br>No brief filed for appellee. |
| Panel | JUSTICE POPE delivered the judgment of the court, with opinion.<br>Justices Steigmann and Knecht concurred in the judgment and opinion. |

**OPINION**

¶ 1  On July 17, 2015, the State filed a complaint for forfeiture against a 2005 Acura RSX, vehicle identification number JH4DC548X5S001012, owned by claimant, Keith D. Osborn. The State filed the complaint pursuant to section 36-1 of the Criminal Code of 2012 (Criminal Code) (720 ILCS 5/36-1 (West 2014)).

¶ 2  Following a hearing, the trial court found forfeiture of the vehicle would violate the excessive fines clause of the eighth amendment to the United States Constitution (U.S. Const., amend. VIII). Therefore, the court denied the State's complaint for forfeiture. The State appeals, and we affirm.

¶ 3            I. BACKGROUND

¶ 4  On July 17, 2015, the State filed its complaint for the forfeiture of claimant's vehicle. The complaint sought forfeiture solely on the basis of the vehicle having been used in the commission of the offense of possession of burglary tools (720 ILCS 5/19-2 (West 2014)) on June 22, 2015, and June 29, 2015. In an affidavit in support of forfeiture, Sergeant Robert Cherry of the Normal police department reported seizing claimant's vehicle on July 6, 2015. In an addendum to the affidavit in support of forfeiture, Sergeant Cherry stated claimant drove his vehicle to three car washes on June 23, 2015, where he "used a vending machine key to open the coin vault of the car wash machines." Upon questioning, claimant identified himself and his vehicle as captured on surveillance cameras at the car washes. Claimant granted permission for a Normal police officer to retrieve the vending machine key from his vehicle, and upon a search of the vehicle, the police officer found two vending machine keys. According to the addendum, the Normal police department arrested claimant and charged him with "Theft/Control/Intent [less than] $500, and Possession of Burglary Tools."

¶ 5  According to a docket entry, the trial court conducted a hearing on the complaint for forfeiture on April 29, 2016. The record on appeal does not include a transcript or bystander's report from the hearing. The court took the matter under advisement.

¶ 6  On May 16, 2016, the trial court issued a written order. The court stated it "heard the stipulation and arguments of counsel." According to the court, "[t]he parties stipulated that the subject vehicle, a 2005 Acura RSX, is subject to forfeiture under Article 36." The court identified the sole issue as "whether or not forfeiture would violate the excessive fines clause of the [eighth] [a]mendment to the United States Constitution."

¶ 7  According to the court's order, claimant "presented by proffer that the subject vehicle has a value to him of $17,600, after putting in $10,000 in parts and labor after purchase." The order further states that "[w]hile [claimant] was charged with the Class 4 felony of possession of burglary tools, he ultimately entered a guilty plea to the Class A misdemeanor offense of theft under $500."

¶ 8  The trial court then applied the "multifactor test" adopted by the Illinois Supreme Court in *People ex rel. Waller v. 1989 Ford F350 Truck*, 162 Ill. 2d 78, 642 N.E.2d 460 (1994), to the excessive fine issue. First, the court examined the inherent gravity of the offense compared with the harshness of the penalty. The court found, "while charged with a Class 4 felony (which allows a discretionary fine of up to $25,000), [claimant] pled guilty to the Class A misdemeanor of theft (of currency from an auto wash)." The court noted, "at the time of his

arrest, [claimant] was found in possession of coin machine keys, while in the subject vehicle." Further, the court noted, "the only quantifiable loss was $.50—two quarters."

¶ 9 The trial court next examined whether the property was an integral part of the commission of the crime. The court noted, "[w]hile the vehicle may have been a means of transportation to and from the victim car wash *** it was not an integral part of the offense, unlike offenses that involve vehicles per se, i.e., driving under the influence, driving while license suspended or revoked, or other offenses where the vehicle is used during the commission of the crime itself, *i.e.*, aggravated fleeing."

¶ 10 Finally, the trial court found, "based upon the information presented, the criminal activity was not extensive in terms of either time or spatial use, although the Court acknowledges that the investigation leading up to [claimant's] arrest was occurring in both Bloomington and Normal."

¶ 11 Noting its consideration of "all of the above" factors, the trial court concluded the forfeiture of [claimant's] vehicle violated the excessive fines clause and, therefore, denied the State's complaint for forfeiture.

¶ 12 On June 8, 2016, the State filed a motion to reconsider, "or in the alternative, for other relief pending appeal." According to a docket entry dated August 1, 2016, the trial court heard argument on the motion. Again, the record on appeal does not include a transcript or bystander's report from the hearing. Following argument, the trial court entered a written order denying the State's motion.

¶ 13 This appeal followed.

¶ 14 II. ANALYSIS

¶ 15 The State argues the trial court erred in finding forfeiture of claimant's vehicle violated the excessive fines clause of the eighth amendment to the United States Constitution. The eighth amendment provides "[e]xcessive bail shall not be required, nor excessive fines imposed, nor cruel and unusual punishments inflicted." U.S. Const., amend. VIII.

¶ 16 Initially, we note claimant did not file a brief in response to the State's appeal. However, because the record is simple and the claimed errors are such that we can easily decide them without the aid of a brief from claimant, we will decide the case on the merits. *Mason v. Snyder*, 332 Ill. App. 3d 834, 837-38, 774 N.E.2d 457, 460 (2002) (citing *First Capitol Mortgage Corp. v. Talandis Construction Corp.*, 63 Ill. 2d 128, 133, 345 N.E.2d 493, 495 (1976)).

¶ 17 Section 36-1 of the Criminal Code (720 ILCS 5/36-1 (West 2014)) provides "[a]ny *** vehicle *** used with the knowledge and consent of the owner in the commission of, or in the attempt to commit *** an offense prohibited by *** Section *** 19-2 *** of this Code *** may be seized and delivered forthwith to the sheriff of the county of seizure." Section 36-2 of the Criminal Code (720 ILCS 5/36-2 (West 2014)) authorizes the State's Attorney of the county in which the seizure occurred to file a complaint seeking forfeiture of the seized vehicle.

¶ 18 Section 19-2 of the Criminal Code (720 ILCS 5/19-2(a) (West 2014)) provides that a person commits possession of burglary tools, a Class 4 felony, when "he or she possesses any key, tool, instrument, device, or any explosive, suitable for use in breaking into a building, housetrailer, watercraft, aircraft, motor vehicle, railroad car, or any depository designed for the

safekeeping of property, or any part thereof, with intent to enter that place and with intent to commit therein a felony or theft. The trier of fact may infer from the possession of a key designed for lock bumping an intent to commit a felony or theft; however, this inference does not apply to any peace officer or other employee of a law enforcement agency, or to any person or agency licensed under the Private Detective, Private Alarm, Private Security, Fingerprint Vendor, and Locksmith Act of 2004. For the purposes of this Section, 'lock bumping' means a lock picking technique for opening a pin tumbler lock using a specially-crafted bumpkey."

¶ 19 According to the trial court's order entered on May 16, 2016, the parties stipulated that claimant's vehicle was "subject to forfeiture under Article 36." Although the statutory criteria for seizure and forfeiture may have been met, the court found the forfeiture, nevertheless, violated the eighth amendment to the United States Constitution, which prohibits, among other things, the imposition of "excessive fines" (U.S. Const., amend. VIII). This prohibition "limits the government's power to extract payments, whether in cash or in kind, 'as *punishment* for some offense.' " (Emphasis in original.) *Austin v. United States*, 509 U.S. 602, 609-10 (1993) (quoting *Browning-Ferris Industries of Vermont, Inc. v. Kelco Disposal, Inc.*, 492 U.S. 257, 265 (1989)). Civil forfeiture proceedings serve, at least in part, to punish the owner of the property subject to forfeiture and are therefore subject to the excessive fines clause, even though the forfeiture may also serve a remedial purpose. *Austin*, 509 U.S. at 618. However, a punitive forfeiture violates the excessive fines clause if it is grossly disproportional to the gravity of the offense for which it is forfeited. *Express Valet, Inc. v. City of Chicago*, 373 Ill. App. 3d 838, 856, 869 N.E.2d 964, 980 (2007); *United States v. Bajakajian*, 524 U.S. 321, 334 (1998). "Application of the constitutional standard for determining excessiveness to a given set of facts presents a question of law subject to *de novo* review." *People v. One 2000 GMC,*, 357 Ill. App. 3d 873, 875, 829 N.E.2d 437, 440 (2005).

¶ 20 Our supreme court has adopted the following nonexhaustive list of three factors, set forth in *United States v. Real Property Located at 6625 Zumirez Drive*, 845 F. Supp. 725, 732 (C.D. Cal. 1994), to be considered in assessing whether a forfeiture constitutes an excessive fine: (1) the inherent gravity of the offense compared to the harshness of the penalty; (2) whether the property was an integral part of the commission of the crime; and (3) whether the criminal activity involving the property was extensive in terms of time and/or spatial use. *1989 Ford F350 Truck*, 162 Ill. 2d at 89-90, 642 N.E.2d at 466. Applying these factors, we find the forfeiture of claimant's vehicle grossly disproportionate to his offense.

¶ 21 The first factor concerns the inherent gravity of the offense compared to the harshness of the penalty. The State contends "[t]he inherent gravity of the offense is to be measured by the possible penalties that would result from conviction on that underlying offense." Accordingly, the basis for the forfeiture in this case was possession of burglary tools, a Class 4 felony punishable by a maximum fine of $25,000 (730 ILCS 5/5-4.5-50(b) (West 2014)), which was not excessive compared with the value of defendant's vehicle ($17,600).

¶ 22 We reject an analysis that simply compares the maximum fine available for an offense with the claimant's equity interest in the forfeited property. *Zumirez Drive*, 845 F. Supp. at 732. Although the maximum fine available in this case may be relevant to determine the seriousness of claimant's conduct, it does not alone determine whether the inherent gravity of claimant's conduct outweighs the harshness of the penalty.

¶ 23 In weighing the inherent gravity of an offense against the fine imposed, we consider "that violent crimes are more serious than nonviolent crimes, completed crimes are more serious

than attempted crimes, and intentional conduct is more culpable than negligent conduct." *Zumirez Drive*, 845 F. Supp. at 733. In addition, because a civil forfeiture may be instituted without showing a claimant is guilty of any offensive conduct, a court should first determine into which category a claimant's conduct falls. *Zumirez Drive*, 845 F. Supp. at 733. These categories include situations where "(1) the claimant has been convicted of the criminal act or acts underlying the forfeiture; (2) the claimant has never been charged with any crime; and (3) the claimant has been charged [with] and acquitted of the act or acts underlying the forfeiture." *Zumirez Drive*, 845 F. Supp. at 733. The gravity of a claimant's conduct decreases in each situation. *Zumirez Drive*, 845 F. Supp. at 733. "Thus, for purposes of the 'inherent gravity' prong of the Eighth Amendment test, the court must first determine into which category the claimant's conduct falls. Whenever the claimant's conduct falls outside of the first category, the court must be careful to focus only on the inherent gravity of the offensive conduct engaged in by the claimant himself, rather than the inherent gravity of the offense or offenses that the government had probable cause to believe were committed on the property." *Zumirez Drive*, 845 F. Supp. at 733.

¶ 24 Finally, the court in *Zumirez Drive* suggested, in evaluating the harshness of the penalty against the fine imposed, a court must consider not only the monetary value of the property forfeited, but also the intangible value of the property. *Zumirez Drive*, 845 F. Supp. at 734. A higher value is placed on real property, particularly a home, than on personal property. *Zumirez Drive*, 845 F. Supp. at 734.

¶ 25 In this case, claimant's crime was nonviolent. Although he reportedly drove to multiple car washes over the course of one week, his attempts to access coin boxes were mostly unsuccessful. "The only quantifiable loss was $.50—two quarters." These factors render claimant's conduct less serious. Further, claimant was not convicted of the offense that formed the basis of the State's probable cause to forfeit his vehicle, possession of burglary tools (720 ILCS 5/19-2 (West 2014)). According to the written order entered by the trial court on May 16, 2016, claimant pleaded guilty to "the Class A misdemeanor of theft (of currency from an auto wash)." Consequently, claimant's conduct fell outside the first category of conduct, and we focus only on the inherent gravity of the offensive conduct engaged in by claimant himself, and not on the offense or offenses the government had probable cause to believe were committed on the property.

¶ 26 In addition to looking at the gravity of the offense, we must also consider the harshness of the penalty imposed. Here, the State seeks forfeiture of claimant's vehicle. The State's forfeiture would permanently and completely deprive claimant of his rights of ownership in the vehicle. This is unquestionably a severe penalty when, ultimately, claimant pleaded guilty to a "Class A misdemeanor of theft (of currency from an auto wash)," involving "$.50—two quarters."

¶ 27 On balance, a comparison of the gravity of the offense with the harshness of the penalty weighs in favor of claimant. Forfeiture of claimant's vehicle would violate the excessive fines clause. We acknowledge the objective evaluation of the proportionality between a crime and a penalty can be difficult. See *Zumirez Drive*, 845 F. Supp. at 737. However, on this limited record, we can fairly conclude that the fine imposed in this case greatly exceeds that which would be appropriate in light of the offensive behavior involved. Accordingly, we find the first prong of the test does not weigh in favor of forfeiture.

¶ 28 The State next argues the second prong of the *Zumirez Drive* test weighs in favor of the forfeiture of claimant's vehicle. The second prong of the test focuses on whether the property was an integral part of the commission of the offense. The *Zumirez Drive* court looked to whether the property and the criminal activities were sufficiently interrelated to find the property tainted by unlawful use, thereby rendering the property forfeitable. *Zumirez Drive*, 845 F. Supp. at 737. The State argues claimant's car "was being used to secrete and transport the burglary tools, as well as was the transportation used to get [claimant] to the multiple car washes to use those burglary tools."

¶ 29 Clearly, there is nothing inherently unlawful about possessing a vehicle. Rather, the issue is whether the vehicle and the criminal activities are sufficiently interrelated to find the property tainted by unlawful use, and hence, forfeitable. We find claimant's vehicle did not facilitate the criminal activity in a particularly significant way. Claimant could just as easily have taken public transportation or walked to the various car washes, and he could have concealed the keys on his person at any point in time. The mere fact the two vending machine keys were found in defendant's vehicle does not make the property "guilty" of an offense.

¶ 30 The third prong of the *Zumirez Drive* test is whether the criminal activity involving the claimant's vehicle was extensive in terms of time and/or spatial use. "To the extent that the property is integral to the criminal activity, the Court also considers the time period over which the property was used, and the spatial use of the property." *Zumirez Drive*, 845 F. Supp. at 738. In this case, we have already determined there is a limited relationship between the vehicle and offensive conduct.

¶ 31 The State argues claimant's vehicle satisfies this prong because claimant "drove this car to at least three different car washes in two different cities, where he used the burglary tools in an attempt to open coin machines." The record before this court presents sparse evidence to establish the time frame over which claimant's offensive conduct occurred. Claimant ostensibly drove to several car washes over the course of one week, in Bloomington and Normal. The record is unclear as to which of the car washes claimant attempted to open coin machines. With regard to the spatial use of the vehicle for illegal conduct, during a search of the vehicle, police officers found two vending machine keys.

¶ 32 Clearly, claimant engaged in illegal conduct. He pleaded guilty to a misdemeanor theft charge. Although the record does not disclose the sentence imposed in the criminal case, the Constitution protects against excessive punishments for wrongdoing. Applying the three factors to the circumstances in this case, we find forfeiture of claimant's vehicle would violate the excessive fines clause.

¶ 33 Although the State argues *People ex rel. Waller v. 1996 Saturn*, 298 Ill. App. 3d 464, 699 N.E.2d 223 (1998), "is directly on point with the present case," we disagree. Initially, we note the *1996 Saturn* court recited in great detail the facts underlying the action for forfeiture. The record in the instant appeal provides scant detail of the facts underlying the action for forfeiture. "[A]n appellant has the burden to present a sufficiently complete record of the proceedings at trial to support a claim of error, and in the absence of such a record on appeal, it will be presumed that the order entered by the trial court was in conformity with law and had a sufficient factual basis." *Foutch v. O'Bryant*, 99 Ill. 2d 389, 391-92, 459 N.E.2d 958, 959 (1984). Any doubts arising from the incompleteness of the record will be resolved against the appellant. *Foutch*, 99 Ill. 2d at 392, 459 N.E.2d at 959.

¶ 34     In *1996 Saturn*, the claimant and his accomplices drove from the Waukegan area to Round Lake Beach because the claimant could not return items without a receipt at stores closer to him. *1996 Saturn*, 298 Ill. App. 3d at 473, 699 N.E.2d at 228. The claimant drove to Round Lake Beach, intending to take merchandise from department stores, and the claimant's vehicle was used to exchange the stolen merchandise between the parties and to hide the stolen merchandise. *1996 Saturn*, 298 Ill. App. 3d at 473, 699 N.E.2d at 228. The appellate court found the burglaries would have been much more difficult to accomplish without the claimant's vehicle. *1996 Saturn*, 298 Ill. App. 3d at 473, 699 N.E.2d at 228. In addition, the trial court found the claimant's vehicle was being used in a theft ring, a conclusion the appellate court found the record supported. *1996 Saturn*, 298 Ill. App. 3d at 473, 699 N.E.2d at 228-29. The appellate court found the claimant's vehicle "played an extensive and pervasive role in the commission of those burglaries." *1996 Saturn*, 298 Ill. App. 3d at 474, 699 N.E.2d at 229.

¶ 35     Contrary to the State's contentions, the decision in *1996 Saturn* is factually distinguishable from the instant case and therefore does not compel a different result.

¶ 36                              III. CONCLUSION

¶ 37     For the reasons stated, we affirm the trial court's judgment.

¶ 38     Affirmed.