2022 IL App (3d) 210368

Opinion filed June 30, 2022

_____

IN THE

APPELLATE COURT OF ILLINOIS

THIRD DISTRICT

2022

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, *ex rel.* JAMES W. GLASGOW, State's Attorney of Will County, Illinois, | ) ) ) ) | Appeal from the Circuit Court of the 12th Judicial Circuit, Will County, Illinois. |
| Plaintiff-Appellant, | ) ) | Appeal No. 3-21-0368 Circuit No. 20-MR-2333 |
| v. | ) ) | The Honorable |
| 2017 FORD EXPLORER, | ) ) | Daniel Kennedy Judge, Presiding. |
| Defendant-Appellee. | ) | |

_____

JUSTICE LYTTON delivered the judgment of the court, with opinion.
Justices Hauptman and McDade concurred in the judgment and opinion.

_____

**OPINION**

¶ 1        The State of Illinois filed a complaint for forfeiture of a vehicle, a 2017 Ford Explorer,

VIN 1FM5K8GT0HGD16110, after its driver, Jeffrey Couch, was charged with driving under the

influence (DUI), third or subsequent offense (625 ILCS 5/11-501(a)(1), (d)(1)(A) (West 2020)).

Jeffrey's wife, Jodi Couch, answered the complaint and requested an innocent owner hearing.

Following the innocent owner hearing, the trial court ordered the vehicle returned to Jodi. The

State appeals, arguing that Jodi, as a joint owner of the vehicle, was not entitled to have the vehicle

returned to her. We affirm.

¶ 2                                    BACKGROUND

¶ 3            On October 16, 2020, the State filed a complaint for forfeiture of the subject vehicle, a 2017 Ford Explorer, VIN 1FM5K8GT0HGD16110. The complaint alleged that on September 13, 2020, Trooper Curry of the Illinois State Police responded to a call about a vehicle in a ditch on Interstate 80 westbound, west of Houbolt Road in Will County. When he arrived at the scene, Curry found the vehicle in a ditch.

¶ 4            Curry spoke to the driver of the vehicle, Jeffrey Couch. Curry smelled a strong odor of an alcoholic beverage on Jeffrey's breath and observed that Jeffrey had red, glassy eyes. Jeffrey agreed to perform field sobriety tests and failed them all. Jeffrey provided a breath sample on the scene, which registered a breath-alcohol concentration (BrAC) of 0.187, more than twice the legal limit (625 ILCS 5/11-501(a)(1) (West 2020)). Curry arrested Jeffrey for DUI and took him to the Illinois State Police district headquarters for processing, where Jeffrey provided another breath sample, which registered a BrAC result of 0.177.

¶ 5            Jeffrey's driving abstract from the Illinois Secretary of State showed that on September 13, 2020, Jeffrey had at least two prior DUI charges in Illinois. As a result, Jeffrey was charged with DUI, third or subsequent offense (625 ILCS 5/11-501(d)(1)(A) (West 2020)).

¶ 6            On January 12, 2021, Jodi, Jeffrey's wife, filed an answer and affirmative defense to the State's forfeiture complaint, asserting she was co-owner of the vehicle Jeffrey was driving on September 13, 2020. In her affirmative defense, Jodi denied having any knowledge or reason to know that the vehicle was used in connection with DUI, third or subsequent offense. She also denied consenting to the vehicle being used to commit DUI, third or subsequent offense.

¶ 7            On March 9, 2021, Jodi filed a motion for an innocent owner hearing along with an affidavit supporting her motion. According to Jodi's affidavit, Jeffrey had a "long history of alcoholism."

                                          2

In 2020, Jeffrey convinced Jodi that "he had finally turned the corner and had agreed to live the rest of his life without consuming alcohol." On September 13, 2020, Jeffrey left the marital home at 9:30 am in the subject vehicle to put air in the tires and have it washed. According to Jodi, Jeffrey "was sober when he left and had been sober for quite some time." Jeffrey did not return all day. Jodi received a phone call at approximately 9:30 pm informing her that Jeffrey had been arrested for DUI. Jodi asserted she "would never have allowed [Jeffrey] to drive our new vehicle if he had been drinking."

¶ 8    An innocent owner hearing was held on May 12, 2021. At the hearing, Jodi testified that she and Jeffrey purchased the 2017 Ford Explorer together on September 8, 2020. The vehicle was titled in both her and Jeffrey's names, and both she and Jeffrey were insured drivers of the vehicle. After Jeffrey's arrest on September 13, 2020, Jodi prohibited Jeffrey from returning to the marital home and filed for divorce.

¶ 9    At the conclusion of the hearing, the trial court ordered that the 2017 Ford Explorer be returned to Jodi, finding that she "is the true owner of the conveyance, that she has a 100% interest in the conveyance and that she did not know nor did she have reason to know that the conduct giving rise to the forfeiture was likely to occur." The State filed a motion to reconsider, which the trial court denied.

¶ 10                                ANALYSIS

¶ 11    Pursuant to article 36 of the Criminal Code of 2012 (Criminal Code), a vehicle used with the knowledge and consent of its owner in the commission of an enumerated offense is subject to forfeiture. 720 ILCS 5/36-1 (West 2020). The list of enumerated offenses in article 36 is "fairly extensive" (*People ex rel. Kelly v. One 2008 Chevrolet Trailblazer*, 2016 IL App (5th) 150338, ¶ 13), and includes a third or subsequent DUI (720 ILCS 5/36-1(a)(6)(C) (West 2020)). A

3

forfeiture proceeding is a civil proceeding *in rem. People v. Dugan*, 109 Ill. 2d 8, 17 (1985). "The State brings the action against seized property pursuant to the legal fiction that the property itself is guilty of facilitating a crime." *People v. Parcel of Property Commonly Known as 1945 North 31st Street, Decatur, Macon County, Illinois*, 217 Ill. 2d 481, 497 (2005).

¶ 12        "The legislative policy underlying statutes allowing vehicle forfeitures is to repress crimes that are facilitated by vehicles." *One 2008 Chevrolet Trailblazer*, 2016 IL App (5th) 150338, ¶ 11 (citing *People v. 1995 Ford Van*, 348 Ill. App. 3d 303, 309 (2004)). Civil forfeitures also serve "to punish the owner of the property subject to forfeiture." *People v. One 2005 Acura RSX*, 2017 IL App (4th) 160595, ¶ 19.

¶ 13        In 2018, the Illinois General Assembly enacted legislation that resulted in a "comprehensive reform of the *** civil asset forfeiture process." 100th Ill. Gen. Assem., Senate Proceedings, May 31, 2017, at 15 (statements of Senator Harmon). The legislation made substantial changes to article 36 of the Criminal Code, creating entirely new sections, including section 36-2.5, which sets forth the "[j]udicial in rem procedures," and section 36-2.7, which provides for an "[i]nnocent owner hearing" separate from the "[j]udicial in rem procedures." See 720 ILCS 5/36-2.5, 36-2.7 (West 2020).

¶ 14        Section 36-2.5 of the Criminal Code applies to forfeiture trials and provides that, at such proceedings, the State must show by a preponderance of the evidence that "(1) the property is subject to forfeiture; and (2) at least one of the following: (i) the claimant knew or should have known that the conduct was likely to occur; or (ii) the claimant is not the true owner of the property that is subject to forfeiture." *Id.* § 36-2.5(e). "[A] claimant may present evidence to overcome evidence presented by the State that the property is subject to forfeiture." *Id.* "If the State does not meet its burden of proof, the court shall order the interest in the property returned or conveyed to

the claimant and shall order all other property in which the State does meet its burden of proof forfeited to the State." *Id.* § 36-2.5(g). "If the State does meet its burden of proof, the court shall order all property forfeited to the State." *Id.*

¶ 15    Section 36-2.7 sets forth the procedures for an "[i]nnocent owner hearing." *Id.* § 36-2.7. Prior to the legislature's 2018 amendments, the Criminal Code's forfeiture provisions allowed property owners to raise an "innocent owner" defense to a forfeiture complaint. See 720 ILCS 5/36-2(e) (West 2016). However, the legislature's 2018 amendments created an "expedited process for innocent owners" (100th Ill. Gen. Assem., Senate Proceedings, May 31, 2017, at 15 (statements of Senator Harmon)) through a separate hearing. See 720 ILCS 5/36-2.7 (West 2020).

¶ 16    The "expedited process for innocent owners" is set forth in section 36-2.7 of the Criminal Code. *Id.* It allows an owner of property for which a forfeiture complaint has been filed to request "an innocent owner hearing prior to trial." *Id.* § 36-2.7(a). At an innocent owner hearing, an innocent owner must prove by a preponderance of the evidence that (1) she is the "true owner of the conveyance as interpreted by case law," and (2) she "did not know or did not have reason to know the conduct giving rise to the forfeiture was likely to occur." *Id* § 36-2.7(a), (c), (d). The statute provides:

> "(a) After a complaint for forfeiture has been filed and all claimants have appeared and answered, a claimant may file a motion with the court for an innocent owner hearing prior to trial. This motion shall be made and supported by sworn affidavit and shall assert the following along with specific facts that support each assertion:
>
> > (1) that the claimant filing the motion is the true owner of the conveyance as interpreted by case law; and

5

(2) that the claimant did not know or did not have reason to know the conduct giving rise to the forfeiture was likely to occur.

The claimant's motion shall include specific facts which support these assertions in their motion.

(b) Upon the filing, a hearing may only be conducted after the parties have been given the opportunity to conduct limited discovery as to the ownership and control of the property, the claimant's knowledge, or any matter relevant to the issues raised or facts alleged in the claimant's motion. Discovery shall be limited to the People's requests in these areas but may proceed by any means allowed in the Code of Civil Procedure.

(c) After discovery is complete and the court has allowed for sufficient time to review and investigate the discovery responses, the court shall conduct a hearing. At the hearing, the fact that the conveyance is subject to forfeiture shall not be at issue. The court shall only hear evidence relating to the issue of innocent ownership.

(d) At the hearing on the motion, the claimant shall bear the burden of proving each of the assertions listed in subsection (a) of this Section by a preponderance of the evidence. If a claimant meets the burden of proof, the court shall grant the motion and order the conveyance returned to the claimant. If the claimant fails to meet the burden of proof, the court shall deny the motion and the forfeiture case shall proceed according to the Code of Civil Procedure." 720 ILCS 5/36-2.7 (West 2020).

¶ 17    Pursuant to case law, an individual is a "true owner" of a vehicle if she (1) is a title holder, even if she holds title jointly with the wrongdoer, and (2) possesses some indicia of true ownership

6

over the vehicle so that her status as a title holder is not simply a sham or pretense. See *Dugan*, 109 Ill. 2d at 18-19; *People v. 1991 Chevrolet Camaro*, 251 Ill. App. 3d 382, 387-89 (1993); *People ex rel. Barra v. Wiebler*, 127 Ill. App. 3d 488, 491-92 (1984). "[T]he *owner* of the vehicle or *any person whose right, title or interest is of record* may show by a preponderance of the evidence that he did not know or have reason to know that the vehicle was to be used in the commission of an offense and, upon a sufficient showing, may successfully resist a forfeiture." (Emphases in original.) *1991 Chevrolet Camaro*, 251 Ill. App. 3d at 388-89.

¶ 18     Here, the State does not dispute that Jodi established by a preponderance of the evidence that she did not know or have reason to know that Jeffrey would use the Ford Explorer to commit his third or subsequent DUI offense. Nor does the State dispute that Jodi established by the preponderance of the evidence that she co-owned the vehicle with Jeffrey. However, the State argues that even if Jodi meets the requirements of an "innocent owner," the Ford Explorer is still subject to forfeiture because Jodi's interest in the vehicle can be severed from Jeffrey's interest pursuant to section 36-2.5(m) of the Criminal Code. Section 36-2.5(m) provides: "If property is ordered forfeited under this Article from a claimant who held title to the property in joint tenancy or tenancy in common with another claimant, the court shall determine the amount of each owner's interest in the property according to principles of property law." 720 ILCS 5/36-2.5(m) (West 2020).

¶ 19     The State asks us to interpret statutory language, which involves a question of law; therefore, our review is *de novo*. See *Petersen v. Wallach*, 198 Ill. 2d 439, 444 (2002). The primary rule of statutory construction is to ascertain and give effect to the intent of the legislature by first looking at the plain language of the statute. *Davis v. Toshiba Machine Co., America*, 186 Ill. 2d 181, 184 (1999). No rule of statutory construction allows the court to declare that the legislature

7

did not mean what the plain language of the statute imports. *People v. Woodard*, 175 Ill. 2d 435, 443 (1997). Where the language of a statute is clear and unambiguous, a court must give it effect as written without reading into it exceptions, limitations, or conditions that the legislature did not express. *Id.* "Where two statutes are allegedly in conflict, a court has a duty to interpret the statutes in a manner that avoids an inconsistency and gives effect to both statutes, where such an interpretation is reasonably possible." *Barragan v. Casco Design Corp.*, 216 Ill. 2d 435, 441-42 (2005).

¶ 20    The plain language of section 36-2.7 of the Criminal Code provides that an owner of a vehicle is entitled to have her vehicle returned to her if she establishes by a preponderance of the evidence that (1) she is a true owner of the vehicle and (2) she did not know or have reason to know that the vehicle would be used in the commission of a crime. 720 ILCS 5/36-2.7(a), (d) (West 2020). Nevertheless, the State contends that we should ignore this clear and unambiguous language and read into it a limitation contained in section 36-2.5(m) (*id.* § 36-2.5(m)) that would allow courts to order the forfeiture of a vehicle, even after an owner proves her status as an innocent owner, by severing and dividing the joint interests of the innocent owner and the wrongdoer. We refuse the State's request to read subsection (m) of section 36-2.5 into the provisions of section 36-2.7 for several reasons.

¶ 21    First, not only is the State's statutory interpretation a violation of the plain language of section 36-2.7, but it also violates the plain language of section 36-2.5(m). Section 36-2.5(m) applies only "[i]f property is ordered forfeited." *Id.* § 36-2.5(m). If an individual meets her burden of proof at an innocent owner hearing, the court must "order the conveyance returned" to her. *Id.* § 36-2.7(d). Such property would not be "ordered forfeited." Thus, pursuant to its plain language,

8

a prerequisite necessary for application of section 36-2.5(m) does not exist when an individual is successful at an innocent owner hearing.

¶ 22      It would be improper to apply the provisions of section 36-2.5, including subsection (m), to section 36-2.7 because sections 36-2.5 and 36-2.7 apply in different circumstances. Section 36-2.5 applies to forfeiture trials. See *id.* § 36-2.5(a). Section 36-2.7, on the other hand, applies to innocent owner hearings, which take place "prior to trial." *Id.* § 36-2.7(a). If an individual successfully sustains her burden of proof at an innocent owner hearing, a forfeiture trial is unnecessary. See *id.* § 36-2.7(d). Only if an individual fails to meet her burden of proof at an innocent owner hearing would the case proceed to a forfeiture trial. See *id.* Thus, if an owner is successful at an innocent owner hearing, there is no reason to look to any provisions of section 36-2.5, including subsection (m).

¶ 23      Second, interpreting section 36-2.5(m) as suggested by the State would directly conflict with section 36-2.7(d), which requires that property be returned to an innocent owner. It is a generally accepted maxim of statutory construction that where two statutes are allegedly in conflict, a court has a duty to interpret the statutes in a manner that avoids an inconsistency and gives effect to both statutes, where such an interpretation is reasonably possible. *Barragan*, 216 Ill. 2d at 441-42. Here, both sections can be interpreted consistently and given effect only if section 36-2.5(m) does not apply to property owners who have established they are innocent owners. While the State argues that such an interpretation renders section 36-2.5(m) meaningless, that contention is untrue. Section 36-2.5(m) applies when the State seeks forfeiture of property held in joint tenancy or tenancy in common but no owner requested an innocent owner hearing or was successful at an innocent owner hearing. That is not the situation here, where Jodi was successful at her innocent owner hearing.

¶ 24         Third, public policy does not support applying section 36-2.5(m) to an innocent owner. "The law generally disfavors forfeitures, and 'statutes authorizing them must be construed strictly in a manner as favorable to the person whose property is seized as is consistent with fair principles of statutory interpretation.' " *1991 Chevrolet Camaro*, 251 Ill. App. 3d at 388 (quoting *People v. United States Currency $3,108*, 219 Ill. App. 3d 441, 446 (1991)). Courts must "be vigilant in construing the law to safeguard the rights of innocent persons who have truly legitimate interests in the property at issue." *Id.* If we accept the State's interpretation of article 36, an innocent owner is not entitled to have her property returned to her if she holds the property in joint tenancy or in tenancy in common with a wrongdoer. See 720 ILCS 5/36-2.5(m) (West 2020). Interpreting article 36 in this manner is not favorable to innocent owners or protective of their rights because it severely limits the circumstances under which property will be returned to them. Applying section 36-2.5(m) to an innocent owner violates public policy.

¶ 25         Additionally, our conclusion that section 36-2.5(m) does not apply to section 36-2.7 does not thwart the purposes of article 36's forfeiture provisions, which are (1) to reduce crime facilitated by vehicles (*One 2008 Chevrolet Trailblazer*, 2016 IL App (5th) 150338, ¶ 11) and (2) to punish the wrongdoer (see *One 2005 Acura RSX*, 2017 IL App (4th) 160595, ¶ 19). Here, Jeffrey used the 2017 Ford Explorer to drive while intoxicated. After that, Jodi prohibited Jeffrey from returning to the marital home and instituted divorce proceedings against him. The State's interpretation serves to punish not only wrongdoers but those who co-own vehicles with wrongdoers. We refuse to interpret article 36 in such a way. Jodi participated in no wrongdoing, and as the wrongdoer, Jeffrey will have no access to the vehicle; the purposes of article 36 are achieved.

¶ 26    Finally, the State's interpretation is refuted by the legislative history of article 36 of the Criminal Code. While it is not necessary for us to examine the legislative history of sections 36-2.5 and 36-2.7 because the language of those sections is plain and unambiguous, doing so lends further support to our interpretations of those sections. See *Ultsch v. Illinois Municipal Retirement Fund*, 226 Ill. 2d 169, 188 (2007) (finding legislative history supported court's interpretation of unambiguous statutory provisions). The chief sponsor of the bill that amended article 36 in 2018 stated that the bill's main purposes were to (1) place "the burden of proof in forfeiture cases on the government rather than on the innocent owner," and (2) provide "an expedited process for innocent owners." 100th Ill. Gen. Assem., Senate Proceedings, May 31, 2017, at 15 (statements of Senator Harmon). Thus, the amendments to article 36 were intended to make it quicker and easier for innocent owners to have their property returned to them. Applying section 36-2.5(m) to innocent owners in the manner suggested by the State would have the opposite effect—it would make it much more difficult, if not impossible, for innocent owners of jointly titled property to have their property returned to them. We refuse to interpret article 36 in a way that contradicts its legislative history.

¶ 27    In conclusion, section 36-2.5(m) of the Criminal Code does not apply to individuals who have met the requirements of an innocent owner, as set forth in section 36-2.7 of the Criminal Code. Because Jodi proved she was an innocent owner, the trial court properly ordered the Ford Explorer returned to her. See 720 ILCS 5/36-2.7(d).

¶ 28                                    CONCLUSION

¶ 29    For the foregoing reasons, the judgment of the Circuit Court of Will County is affirmed.

¶ 30    Affirmed.

11

2022 IL App (3d) 210368

| | |
|---|---|
| **Decision Under Review:** | Appeal from the Circuit Court of Will County, No. 20-MR-2333; the Hon. Daniel Kennedy, Judge, presiding. |
| **Attorneys for Appellant:** | James W. Glasgow, State's Attorney, of Joliet (Patrick Delfino, and Thomas D. Arado, of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People. |
| **Attorneys for Appellee:** | Katie D. Kryson, of Freeborn & Peters LLP, of Chicago, and Douglas G. DeBoer, of Law Office of Douglas G. DeBoer, P.C., of Joliet, for appellee Jodi Couch. <br><br> Jeffrey Couch, appellee *pro se*. |